Monday, May 9. The Judges delivered their opinions.
Judge Tucker.
The errors assigned in the petition for a supersedeas in this case, are, that the name of James Ferguson one of the parties whose name is subscribed to the bond, is not mentioned in the obligatory part of a forthcoming bond given by Bartley, against whom an execution at the suit of Tates had issued; and that no person is named, to whom the property is to be delivered, the name *400 of the high sheriff being left blank, in that part of the condition.
The first of these Omissions, I think, is amply compensated by the recital in the condition, that Bartley had tendered the above bound James Ferguson as his security, and by the delivery of the bond by Ferguson, as his act and deed, a circumstance not denied. The second, if not supplied by the name of the high sheriff mentioned in the former part of the condition, is fully supplied, I conceive, by the directions of the law, that such delivery is to be made to the sheriff, at the time and place appointed for the sale of the property, both which particulars are mentioned m the bond.
Where a party,' against whom an execution issues, obtains an indulgence, upon certain conditions, the Court will not regard trifling errors which are often the effect of haste or inexperience in young deputy-sheriffs, with an eagle’s eye, where the substantial justice of the case, or the positive and invariable rules of law, do not require them to do so.
Judge Roane was m favour of affirming the judgments
Judge Fleming.
The counsel for the plaintiffs in thesupersedeas made two points in this case: 1st. Whether Ferguson, whose name is omitted in the penal part of the bond, but who is stated in the condition as the security, and who has signed and sealed it, be bound in law? If not-bound, 2dly. Whether the judgment, which is against Bartley and Fergusoii jointly, shall be reversed in toto, off in part only ?
With respect to the first point, it is laid down in the case of Mathew v. Purchins,(a) that, if the meaning of the parties can be collected from the bond, it will be good. Again, the name of the obligor subscribed is sufficient, though there be a blank for his Christian name in the. bond.(b) So I conceive it to be in the present case, although *401 there is a total blank for the security’s name in the penalty of the bond; he being stated in the condition a security for the delivery of the property, tq which he put his'signature and seal.
It is laid down in Goddard's case,(a) that only three things are necessary to making a good obligation, to wit, writing on paper or parchment, sealing and delivery; and it hath since been adjudged not to be necessary that the obligor should sign or subscribe his name 5 and therefore, if the obligor be named Erlin, and he sign his name Erlevin, this variation is not material, because subscribing is no essential part of the deed, sealing being sufficient.(¿) This point then being against the present plaintiff, it seems immaterial to consider the others; and the judgment of the District Court must be affirmed in tota.
By the whole Court, (absent Judge Lyons,) the judg-. ment of the General Court affirmed.

c) Cro. Jac. 203.

 Cro. Jas. 261. Dobson, v. Keys.

 2 Co. 5 a.

 2 Salk. 462.